**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

MARY ANN BOWEN-DEANGELIS,

    *Plaintiff*,

    vs.

UNITED STATES POSTAL SERVICE, KEVIN HANSON, MELISSA HANSON, ROBERT KANE and CYNTHIA KANE,

    *Defendants*.

No. 3:23-cv-01609-MPS

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Mary Ann Bowen DeAngelis, as fiduciary of the estate of Mark DeAngelis ("decedent"), brings this negligence and public nuisance action seeking damages against the United States of America under the Federal Tort Claims Act and against defendants Kevin Hanson, Melissa Hanson, Robert Kane, and Cynthia Kane (the "Private Defendants"). ECF No. 58-1, Counts 2, 3, 4 & 5. This ruling concerns only the public nuisance claims against the Private Defendants. DeAngelis alleges that the Private Defendants' failure to maintain the vegetation located on their private property caused a public nuisance, resulting in the decedent's injuries and death. *Id.* The Private Defendants have moved to dismiss the complaint for a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 60-1, 61-1. For the reasons stated below, I DENY the motion to dismiss.

## I. BACKGROUND

### A. Factual Allegations

1

The factual allegations below are taken from DeAngelis's fourth amended complaint, ECF No. 58, and I accept them as true for the purposes of this ruling.

On September 4, 2021, decedent was operating a motorcycle, traveling northbound on Downs Road in Bethany, Connecticut, approaching the private drive of 378 Downs Road. ECF No. 58-1 at 4.[1] At the same time, Jeraly Escamilla, an employee of the United States Postal Service ("USPS"), was operating a USPS truck in the private drive of 378 Downs Road. *Id.* at 5. As decedent approached the private drive via Downs Road, Escamilla attempted to make a left turn out of the private drive to enter the road's southbound lane. *Id.* at 5–6. As a result, decedent struck the side of the USPS truck. *Id.* At the time of the collision, the Private Defendants possessed, owned, and controlled a portion of the property located at 378 Downs Road, Bethany, Connecticut, and the property contained a large amount of trees and vegetation on the north and south sides of the private drive where the "drive intersected and connected with the public roadway and/or highway." *Id.* And "as a direct result of defendant[s] failure to properly maintain the referenced trees and vegetation, the collision between the [decedent] and Jeraly Escamilla occurred." *Id.* at 6

Plaintiff alleges that the Private Defendants were "aware or should have been aware that the mature trees and vegetation at the end of the driveway where it intersected and connect[ed] to the public roadway blocked and obstructed the view of operators within the private drive from seeing and identifying travelers on northbound Downs Road." *Id.* And that the Private Defendants were aware or should have been aware that the mature trees and vegetation "blocked and obstructed the view of operators traveling northbound on Downs Road, from seeing and

---

[1] Since the counts (two, three, four, and five) against each Private Defendant are identical, I cite only to the facts as laid out in count two of the amended complaint. *See* ECF No. 58-1 at 4–7.

identifying travelers exiting the private drive, which impacted and interfered with the rights of motorists operating on the public roadway, such as the decedent." *Id.*

### B. Procedural History

Following the denial of her administrative claim by the United States Postal Service, Mary Ann Bowen DeAngelis, as fiduciary of the estate of decedent, filed her initial complaint against the Postal Service, bringing claims of negligence under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2401(b). ECF No. 1-1. The United States of America subsequently filed an apportionment complaint against the Private Defendants. ECF No. 16-1. Since then, DeAngelis has amended her complaint four times. DeAngelis's operative amended complaint included identical claims of public nuisance against each of the Private Defendants. ECF No. 58-1. The Private Defendants filed their present motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 60-1, 61-1.[2]

### II. LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I must determine whether a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I accept as true all of the complaint's factual allegations when evaluating a motion to dismiss, *id.*, and must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for*

---

[2] While the Private Defendants filed two separate motions to dismiss, one by Kevin and Melissa Hanson with the other by Robert and Cynthia Kane, the legal arguments contained in each brief are substantively identical. *See* ECF Nos. 60-1, 61-1. For the purposes of addressing the arguments raised, I cite only the Motion to Dismiss filed by Defendants Robert and Cynthia Kane. ECF No. 60-1 And I refer to the Private Defendants' motions collectively as a singular motion throughout the remainder of my ruling.

3

*Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (internal quotation marks and citation omitted).

## III. DISCUSSION

A public nuisance occurs when there is "an unreasonable interference with a right common to the general public." *Pestey v. Cushman*, 788 A.2d 496, 504–05 n.5 (Conn. 2002) (deciding a private nuisance claim but laying out the elements of a public nuisance under Connecticut law, citing Restatement (Second) of Torts, § 821B (Am. L. Inst. 1979)). The complaint alleges that the Private Defendants' failure to maintain the trees and vegetation located on their property "blocked and obstructed the view of operators traveling northbound on Downs Road . . . which interfered with the rights of motorists operating on the public roadway, such as the decedent." ECF No. 58-1 at 6.

To state a public nuisance claim, a plaintiff must first plausibly allege the four elements of a private nuisance claim, that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages." *State v. Tippetts-Abbett-McCarthy-Stratton*, 527 A.2d 688, 692 (Conn. 1987) (internal quotation marks and citation omitted) (alteration in original). Plaintiffs alleging a public nuisance must further allege that the conduct complained of "[unreasonably] interfered with a right common to the general public." *Id.* (citing Restatement (Second) of Torts § 821B(1) (Am. L. Inst. 1979) ("A public nuisance is an unreasonable interference with a right common to the general public.")). An interference is

4

unreasonable in the public nuisance context if "[(a)] the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or (b) . . . the conduct is proscribed by [law] . . . ." *Pestey*, 788 A.2d at 504–05 n.5 (internal quotation marks and citation omitted) (laying out the elements of a public nuisance under Connecticut law relying upon the Restatement (Second) of Torts § 821B (Am. L. Inst. 1979)). "Nuisances are public where they violate public rights, . . . produce a common injury, and . . . obstruct[] . . . the rights enjoyed by citizens as part of the public. . . . A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." *Ganim v. Smith and Wesson Co.*, 780 A.2d 98, 131–132 (Conn. 2001) (internal quotation marks and citation omitted). "[A] private individual may create a [public] nuisance in a public place." *Id.* at 132; *see also Higgins v. Connecticut Light & Power Co.*, 30 A.2d 388, 391 (Conn. 1943) ("As to the claim of a public nuisance, it is undisputed that the [nuisance was] in a public place; and that a private individual may create a nuisance in a public place cannot be questioned."). Examples of a public nuisance include: "unsafe premises [and] . . . obstruction of safe travel on a public highway." *Ganim*, 780 A.2d at 132.

In their motion to dismiss, the Private Defendants do not contest that Plaintiff has plausibly alleged the elements of a private nuisance claim as laid out in *State v. Tippetts-Abbett-McCarthy-Stratton*. Instead, they argue that Plaintiff has not sufficiently pled a *public* nuisance because, they assert, the complaint contains no allegations that their conduct interfered with a right common to the general public. The Private Defendants argue that the complaint does not sufficiently allege an interference with a right common to the general public because it contains (1) no allegation that the defendants interfered with public health, safety, peace, comfort or convenience and (2) the alleged nuisance is not a public nuisance as defined by Connecticut statutes. *See* ECF No. 60-1 at

5

6, 8 (citing Restatement (Second) Torts, § 821B (Am. L. Inst. 1979)). I find that the Plaintiff has plausibly alleged that the Private Defendants unreasonably interfered with a right common to the general public and thus has plausibly alleged a public nuisance.

The Private Defendants argue that the amended complaint fails to allege that they interfered with a public right, asserting that "there are no public rights associated with a private drive." ECF No. 60-1 at 1, 6 ("[T]here are no allegations against the Apportionment Defendants in the Operative Complaint that would support a viable cause of action for public nuisance . . . ."). But Plaintiff's complaint alleges an unreasonable interference with a public right, specifically the *public's* lawful use of the highway abutting Defendants' private property. ECF No. 58-1 at 6. Plaintiff asserts that Downs Road, at the time of the collision, was a public roadway, and motorists such as the decedent had the "right to travel on the public roadway[.]" *Id.* Plaintiff's amended complaint alleges that "the mature trees and vegetation at the end of the driveway . . . blocked and obstructed the view of operators *traveling northbound on Downs Road*, from seeing and identifying travelers exiting the private drive, which impacted and interfered with the rights of motorists *operating on the public roadway*." *Id.* (emphasis added). Plaintiff further alleges that, at the time of the collision, the Private Defendants had a "duty to maintain the trees and vegetation" and to use "reasonable care to prevent" the vegetation from "obstructing and interfering with the view of motorists operating and using the public roadway on Downs Road." *Id.* at 7.

The complaint alleges that by failing to prevent the vegetation from obscuring whether vehicles were entering the public roadway from the private drive, the Private Defendants obstructed "the public's lawful use of Down's Road" and "travelers … in their lawful use of the highway," thereby creating a public nuisance. *Id.* The public nuisance "created by defendant's actions and/or inactions," Plaintiff alleges, resulted in the collision that caused the injuries to the

6

decedent. *Id.* at 7–8. The Private Defendants' reliance on the mantra that there are "no public rights associated with a private drive" fails to adequately address Plaintiff's claim. ECF No. 60-1 at 6. I find that Plaintiff has plausibly alleged that the Private Defendants' conduct unreasonably interfered with a right common to the general public.

The Private Defendants rely upon a Connecticut Superior Court decision, *LaPalme v. Tottle*, for the proposition that "a nuisance [located on private property] . . . is not a public nuisance in the sense that it affects the citizens generally who may be so circumstanced as to come within its influence." 16 Conn. Supp. 121, 121 (Conn. Super. Ct. 1949) (internal quotation marks omitted). But that case, which involved an injury in a restaurant, provides little guidance here, where the complaint alleges that the nuisance, while emanating from private property, interfered with the rights of those traveling on a *public* roadway. It is well established that conduct on private property can create a public nuisance if it interferes with a public right. *See Rucco v. United Advertising Corporation*, 119 A. 48, 50 (Conn. 1922) ("The maintenance on private property of a dangerous menace to public travel is . . . a nuisance[.]"); *see also Salomone v. Boulanger*, 342 A.2d 61, 62 (Conn. Super. Ct. 1975) (finding that plaintiff plausibly alleged a public nuisance claim where defendant's fence and shrubbery "interrupted and interfered with vision for vehicular traffic" and thereby endangered those traveling on a public highway, even without a "tangible invasion of the highway area"). The Private Defendants' argument that "any nuisance alleged in connection with a private driveway does not affect an interest common to the general public" fails to take account of situations—like the one alleged here—in which conditions on private property spill over onto public land. ECF No. 60-1 at 8. While a public nuisance must "injure[] the citizens generally who may be so circumstanced as to come within its influence," *Ganim*, 780 A.2d at 132, the condition alleged here—though on private land—fits that description because it would have obstructed the

7

view of all drivers on Downs Road with respect to vehicles entering the Road from the private drive. By alleging an interference with the rights of those traveling on a *public* roadway, Plaintiff sufficiently alleges that the Private Defendants' conduct interfered with "the public health, the public safety, the public peace, the public comfort or the public convenience," thus unreasonably interfering with a right common to the general public.

The Private Defendants also argue that Plaintiff's claims should be dismissed "because trees and/or vegetation alleged to 'obstruct[] the view of operators within [a] private drive' is not a public nuisance as defined by Connecticut law." ECF No. 60-1 at 8. Specifically, they argue that Plaintiff did not allege conduct that violated Connecticut's "Nuisances on highways" statute. Conn. Gen. Stat. § 19a-335. While I agree that Plaintiff did not allege that Private Defendants' conduct violated this Connecticut statute, Plaintiff is not required to plead a specific statutory violation to plausibly allege a common law action for public nuisance. *See Voss v. Bozzi*, No. CV 95-0373882, 1995 WL 558982 at *1 (Conn. Super. Ct. J.D. New Haven, Sept. 12, 1995) ("General Statutes § 19a-335 defines particular conduct as a nuisance. The fact that a statute supplies a definition or standard does not convert the claim into one brought under that statute; rather, the claim in nuisance arises at common law, and the statute merely permits the legal conclusion that certain conduct constitutes a nuisance."). The Private Defendants cite no authority suggesting that the statute is exclusive, i.e., that it sets forth the only manner in which nuisances related to public roads may arise, and I have not been able to find any such authority. Because Plaintiff has alleged facts suggesting that the Private Defendants' conduct interfered with the "public safety," by obstructing the view of vehicles entering the roadway, I find that Plaintiff's complaint plausibly alleged a public nuisance.

## IV. CONCLUSION

9

For the reasons set forth, I DENY Defendants' motion to dismiss.

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

March 16, 2026